UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN LYLE TAYLOR, | Case No. 5:20-01191 SVW (ADS) |
| Plaintiff, | |
| v. | **ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS** |
| PEOPLE OF STATE OF CALIFORNIA, | |
| Defendant. | |

**I.   INTRODUCTION**

Plaintiff Ryan Lyle Taylor, a detainee at Southwest Detention Center, proceeding pro se and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983. [Dkt. No. 1]. On January 7, 2021, following the statutorily required screening of the Complaint, see 28 U.S.C. § 1915A(a)-(b)(1), the Court issued an Order Dismissing Complaint with Leave to Amend, finding that Plaintiff had failed to state any claim upon which relief can be granted. [Dkt. No. 5]. This Order cautioned that the Complaint was devoid of any

sufficiently pled claim and subject to dismissal as such.  [Id. at p. 5].  Plaintiff was instructed to file a First Amended Complaint, or otherwise respond, by no later than February 8, 2021.  [Id.].

On February 24, 2021, the Court issued an Order to Show Cause Why Case Should Not be Dismissed for Failure to Prosecute and Comply with Court Orders.  [Dkt. No. 6].  This Order to Show Cause noted that the Court had not received an amended complaint or other response and the time to do so had passed.  [Id.].  Plaintiff was instructed to show cause why the case should not be dismissed for failure to prosecute, failure to obey court orders, and/or failure to state a claim upon which relief can be granted.  [Id.].  This Order further cautioned that if Plaintiff did not file a response or show cause why he is unable to do so by no later than March 17, 2021, the case may be dismissed.  [Id.].

A second Order to Show Cause was issued on March 15, 2021 after mail was returned as undeliverable.  [Dkt. Nos. 7, 8].  This second Order cautioned that pro se litigants are required to keep the Court and opposing parties apprised of their current address and instructed Plaintiff to file a Notice of Change of Address or show cause by no later than April 5, 2021.  [Dkt. No. 8].  This Order further cautioned that failure to timely respond may result in dismissal for failure to prosecute and failure to comply with the Court's Local Rules.  [Id.].

Despite repeated warnings that this case may be dismissed, to date, Plaintiff has failed to respond to the Court's Orders and failed to file a complaint that states a claim upon which relief can be granted.

## II. **DISCUSSION**

Dismissal of this action is warranted due to Plaintiff's failure to prosecute the case, comply with court orders, and comply with the Court's Local Rules. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with a court order. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see also Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002). The Court weighs the following factors when determining whether to dismiss an action for failure to comply with a court order or failure to prosecute: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Pagtalunan, 291 F.3d at 642.

Here, the first, second, third, and fifth factors weigh in favor of dismissal. First, Plaintiff has failed to file a complaint that contains a claim upon which relief can be granted, and failed to respond to the Court's January 7, 2021, February 24, 2021, and March 15, 2021 Orders. This results in a failure to prosecute the case, which has interfered with the public's interest in the expeditious resolution of this litigation and the Court's need to manage its docket. See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."). Second, Plaintiff has failed to rebut the presumption that defendants have been prejudiced by this unreasonable delay. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("The law presumes injury from unreasonable delay.") (quoting Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)). Third, there is no less drastic sanction available as the Court has warned Plaintiff that the case would be

dismissed. Accordingly, the Court has taken meaningful steps to explore alternatives to dismissal. See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Finally, although the fourth factor always weighs against dismissal, here Plaintiff's failure to discharge his responsibility to move the case towards a disposition outweighs the public policy favoring disposition on the merits. Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."). Having weighed these factors, the Court finds that dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) is warranted.

### III. CONCLUSION

Accordingly, this action is dismissed for failure to prosecute and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b). Judgment is to be entered accordingly.

**IT IS SO ORDERED**.

Dated: April 23, 2021

_____
THE HONORABLE STEPHEN V. WILSON
United States District Judge

Presented by:

_____/s/ Autumn D. Spaeth_____
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge